# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

April 3, 2020

*By the Court:*

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, et al.,<br>    Plaintiffs-Appellees,<br><br>Nos. 20-1538 & 20-1546    v.<br><br>MARGE BOSTELMANN, et al.,<br>    Defendants<br><br>and<br><br>REPUBLICAN NATIONAL COMMITTEE, et al.,<br>    Defendants-Appellants,<br>------------------------------------<br>DEMOCRATIC NATIONAL COMMITTEE, et al.,<br>    Plaintiffs-Appellees,<br><br>Nos. 20-1539 & 20-1545    v.<br><br>MARGE BOSTELMANN, et al.,<br>    Defendants,<br><br>APPEAL OF: WISCONSIN STATE LEGISLATURE | ] Appeals from the United<br>] States District Court for<br>] the Western District of<br>] Wisconsin.<br>]<br>] Nos. 3:20-cv-00249-wmc,<br>]    3:20-cv-00278-wmc,&<br>]    3:20-cv-00284-wmc<br>]<br>] William M. Conley,<br>]    Judge. |

The following are before the court:

1.  **WISCONSIN LEGISLATURE'S EMERGENCY MOTION TO STAY THE PRELIMINARY INJUNCTION AND FOR AN ADMINISTRATIVE STAY**, filed on April 2, 2020, by counsel.

2.  **EMERGENCY MOTION OF REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF WISCONSIN FOR**

**ADMINISTRATIVE STAY AND STAY PENDING APPEAL**, filed on April 2, 2020, by counsel.

3. **GEAR PLAINTIFFS' RESPONSE IN OPPOSITION TO INTERVENOR-DEFENDANTS-APPELLANTS' MOTION FOR ADMINISTRATIVE STAY AND STAY PENDING APPEAL**, filed on April 3, 2020, by counsel.

4. **LEWIS PLAINTIFFS' OPPOSITION TO MOTIONS TO STAY**, filed on April 3, 2020, by counsel.

5. **OPPOSITION OF PLAINTIFFS-APPELLEES DEMOCRATIC NATIONAL COMMITTEE AND DEMOCRATIC PARTY OF WISCONSIN TO MOTIONS TO STAY THE PRELIMINARY INJUNCTION AND FOR AN ADMINISTRATIVE STAY IN NOS. 20-1538 AND 20-1539**, filed on April 3, 2020, by counsel.

6. **REPLY OF WISCONSIN LEGISLATURE IN SUPPORT OF EMERGENCY MOTION TO STAY THE PRELIMINARY INJUNCTION AND FOR AN ADMINISTRATIVE STAY**, filed on April 3, 2020, by counsel.

The court is in receipt of these emergency appeals, which have been referred to a three-judge panel.

The Democratic National Committee and the Democratic Party of Wisconsin, individual voters, and various community groups (collectively, "plaintiffs") brought these three consolidated cases against Wisconsin election officials pursuant to 42 U.S.C. § 1983 challenging various aspects of the state's primary election scheduled for April 7, 2020. They alleged that in light of shelter-in-place orders issued by the governor due to the COVID-19 crisis, voters will rely very heavily on absentee voting, and in their view, certain provisions of Wisconsin law governing absentee voting pose severe obstacles to some voters that unduly burdens their right to vote. Among other relief, they sought injunctive relief in the form of an extension of the electronic registration deadline; a suspension of the requirement for documentation and/or photo identification; a suspension of the requirement that each absentee ballot be signed by a witness. The Wisconsin State Legislature sought to intervene in the case, but the district

court denied this request. On April 2, 2020, following a hearing, the district court issued a lengthy order granting in part and denying in part the plaintiffs' request for injunctive relief. The court subsequently made two minor amendments to the order. The Wisconsin State Legislature filed an emergency notice of appeal of the order denying intervention, and the Republican National Committee, which was permitted to intervene below, filed an emergency notice of appeal of the court's preliminary injunction order. They both seek a stay of the court's order. Notably, no aspect of theses appeals challenge the district court's rejection of the plaintiffs' request to enjoin live voting on April 7. Upon review of the parties' filings,

**IT IS ORDERED** that the motions for a stay are **DENIED** as to the portions of the district court's order that (1) enjoin the enforcement of the requirement under Wis. Stat. § 6.87(6) that absentee ballots must be received by 8:00 p.m. on election day to be counted and extend the deadline for receipt of absentee ballots to 4:00 p.m. on April 13, 2020; and (2) enjoin the enforcement of the requirement under Wis. Stat. § 6.86(1)(b) that absentee ballot requests must be received by April 2, 2020, and extend the deadline for receipt of absentee ballot requests by mail, fax or email (and if deemed administratively feasible in the sole discretion of the WEC Administrator, online) to 5:00 p.m. on April 3, 2020.

**IT IS FURTHER ORDERED** that the motions for a stay are **GRANTED** as to that portion of the district court's order that enjoins the enforcement of Wis. Stat. § 6.87(2) for absentee voters who provide a written affirmation or other statement that they were unable to safely obtain a witness certification despite reasonable efforts to do so. The court concludes that the district court did not give adequate consideration to the state's interests in suspending this requirement. *Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983); *Griffin v. Roupas*, 385 F.3d 1128, 1130 (7th Cir. 2004). "Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy," and "[v]oter fraud drives honest citizens out of the democratic process and breeds distrust of our government." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). The court is also cognizant of the Supreme Court's admonition that "[c]ourt orders affecting elections . . . can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase." *Id*. at 4-5. This court is concerned with the overbreadth of the district court's order, which categorically eliminates the witness requirement applicable to absentee ballots and gives no effect to the state's substantial interest in combatting voter fraud. *Griffin*, 385 F.3d at 1130.

On March 29, 2020, the Wisconsin Election Commission issued Absentee Witness Signature Requirement Guidance that contained suggested options for allowing absentee voters to meet the state's signature requirement. The guidance is available on the Commission's website at https://elections.wi.gov/index.php/node/6790. The guidance came out of a meeting the Commission held on March 27, 2020, and contains at least five concrete alternative suggestions for how voters can comply with the state's witness and signature requirements in light of the extraordinary challenges presented by the COVID-19 crisis. With the absentee ballot receipt date being extended to April 13, 2020, voters have more time to take advantage of one or another of the Commission's suggestions for obtaining a signature. So, too, do we have every reason to believe the Commission, in keeping with the forward-leaning action it has taken thus far to accommodate voters' interests while also striving to ensure their safety, will continue to consider yet other ways for voters to satisfy the statutory signature requirement (if possible, for example, by maintaining the statutory presence requirement but not requiring the witness's physical signature). It is best to leave these decisions and any more particular prescriptions to the Commission, as it is better positioned to know what additional alternative suggestions are able to accommodate the many intersecting interests in play in the present circumstances.

**IT IS FINALLY ORDERED** that the court concludes that the Wisconsin State Legislature has standing to pursue this appeal, and that the district court erred in refusing to permit the Legislature to intervene in the case below. *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945 (2019); *Planned Parenthood of Wisconsin, Inc. v. Kaul*, 942 F.3d 793 (7th Cir. 2019).